UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JASON L. UNDERWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 15-3309 |
| | ) |
| WARDEN LARRY BECK, *et al.* | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Sangamon County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff is incarcerated at Sangamon County Jail.  Plaintiff alleges that prison officials improperly removed his fiancée and child from his visitation list.  Plaintiff also alleges that on the same day his fiancée and child were removed, another individual was added to his visitation list in an apparent attempt to draw a link between Plaintiff and this individual.  According to Plaintiff, the link to the new individual is detrimental to his legal position in his pending criminal matter.

## ANALYSIS

Lawful incarceration brings with it the "necessary withdrawal or limitation of many privileges and rights." Sandin v. Conner, 515 U.S. 472, 484 (1995).  An inmate's right to familial association is limited insofar as it conflicts with the legitimate penological concerns of prison administration.  See Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003).

To state a Fourteenth Amendment due process claim, Plaintiff must allege that he has protected liberty or property interest.  The due process clause does not directly guarantee an inmate's interest in unfettered visitation privileges.  Ky. Dep't of Corr. v. Thompson,

490 U.S. 454, 460 (1989). Only those restrictions that impose an "atypical and significant hardship" will trigger due process concerns. Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff alleges that jail officials have violated his constitutional rights by removing his fiancée and child from his visitation list. Plaintiff alleges the duration of the restriction ("until further notice"), but he does not provide any indication as to why these individuals were removed in the first place. Plaintiff also alludes to a hearing of some type, but does not elaborate on the nature of the hearing, or whether it was related to the modification of his visitation list.

Liberally construed, Plaintiff is alleging that jail officials deprived him of a protected liberty interest without due process. However, Plaintiff's allegations suggest that this deprivation may have occurred after jail officials provided him with a hearing. Without more information, the Court cannot determine whether Plaintiff states a claim.

Therefore, the Court finds that Plaintiff fails to state a claim at this time. Plaintiff is granted leave to file an amended complaint within 30 days. If Plaintiff chooses to file an amended complaint,

Plaintiff should include information regarding the reasons why his preferred visitors were removed from his visitation list (if he knows), whether the jail limits the number of individuals who may be on an inmate's visitation list, and information regarding whether jail officials have provided him with a hearing regarding the modification of his visitation list.

**IT IS THEREFORE ORDERED:**

**1)   Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.**

ENTERED:     February 29, 2016.

FOR THE COURT:

*s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE